AO 241
(Rev. 01/15)

FILED
U.S. DISTRICT COURT Page 2
DISTRICT OF WYOMING

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

OCT 2 4 2023

Margaret Botkins, Clerk
Cheyenne

11:55 a.m

| United States District Court | District: DISTRICT OF WYOMING |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|
| JETT GARRIOTT ADAMS | 23-CV-197-S |

| Place of Confinement : | Prisoner No.: |
|---|---|
| Wyoming Medium Correctional Institution, Torrington, WY | 34331 |

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| JETT GARRIOTT ADAMS | WARDEN NORRIS |
| v. | |

| The Attorney General of the State of: Wyoming; Bridget Hill |
|---|

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    2nd Judicial District Court

    Carbon County

    Rawlins, Wyoming

    (b) Criminal docket or case number (if you know):  Cr: 2021-0054

2.  (a) Date of the judgment of conviction (if you know):  09/08/2022

    (b) Date of sentencing:  08/08/2022

3.  Length of sentence:  Life without parole and I believe a number of years run consecutive

4.  In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:  Attempted First Degree Murder;

    Aggravated Assault and Battery; Felony Interfernce with a Peace Officer; Property Destruction;

    Aggravated Fleeing or Eluding a Police Officer; Use of a Firearm while Committing a Felony; Attempted

    First Degree Murder AND/OR Aggravated Fleeing or Eluding a Police Officer; Reckless Driving;

    Reckless Endangerment; Speeding

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty      ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty          ☑ (4)  Insanity plea

AO 241
(Rev. 01/15)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?    N/A

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☑ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8.    Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    **Wyoming Supreme Court**

(b) Docket or case number (if you know):    **No. S-22-0285**

(c) Result:    **Denied pro se supplemental brief. Denied attorney's brief Judgment affirmed**

(d) Date of result (if you know):    **08/24/2023**

(e) Citation to the case (if you know):    **Adams v State 2023 WY 85**

(f) Grounds raised:    **Am I, as an indigent defendant, entitled to a mental health expert assigned to my defense team who is to conduct an examination, and assist in evaluation, preparation and presentation of my defense after entering a plea of NGMI?  Is my speedy trial right still waived if it was done in order to enter an NGMI plea whose constitutional requirements were intentionally never met? Was it an abuse of discretion by the trial judge to choose the court-ordered psychiatrist's opinion over the competency evaluator's opinion? Did the State meet their burden of proof of beyond a reasonable doubt in proving First Degree Attempted Murder?**

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court:    **N/A**

(2) Docket or case number (if you know):    **N/A**

(3) Result:    **The Wyoming Supreme Court is the highest court in the State.**

_____

(4) Date of result (if you know):    _____

AO 241
(Rev. 01/15)

(5) Citation to the case (if you know):    N/A

(6) Grounds raised:    N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):    N/A

(2) Result:    N/A

(3) Date of result (if you know):

(4) Citation to the case (if you know):    N/A

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:    Carbon County District Court

(2) Docket or case number (if you know):    Cr-2021-0054

(3) Date of filing (if you know):    05/22/2022

(4) Nature of the proceeding:    New Trial Motion

(5) Grounds raised:    It had to deal with the idea that I have a right to a second evaluation and

how was I supposed to make an adequate defense if I wasn't allowed to call witnesses. I

do not remember the specifics but I brought this issue up when I asked for a Change of

Judge in August and also at sentencing I spoke at length on this subject. I read out loud

portions of the Slip Opinion to McWilliams v Dunn 582 U.S. (2017) at both hearings dated

August 8th 2022 and August 9th 2022. My New Trial Motion I believe referenced both

Ake v Oklahoma and McWilliams v Dunn.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes    ☑ No

(7) Result:    Denied

(8) Date of result (if you know):    06/24/2022

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:    Carbon County District Court

(2) Docket or case number (if you know):    Cr-2021-0054

(3) Date of filing (if you know):    09/09/2022

(4) Nature of the proceeding:    Second New Trial Motion

(5) Grounds raised:    I dont remember my exact grounds but I based the entire motion off of just

the U.S. Supreme Court decisions McWilliams v Dunn 582 U.S. (2017) and Ake v Oklahoma

470 U.S. (1985) I was told by the trial judge that she was fully aware of both cases but she

did not rule on the merits of my claim. She dismissed because those particular cases are

not newly discovered evidence even though she purposefully refused to follow them before

trial. The motion can only be brought up on newly discovered evidence and I asked her if

she said the U.S. Supreme Court decisions were not newly discovered evidence then why did

she refuse to follow them?

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result:    Denied

(8) Date of result (if you know):    09/26/2022

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:    2nd Judicial District Court, Carbon County

(2) Docket or case number (if you know):    CR-2021-0054

(3) Date of filing (if you know):    03/09/2023

(4) Nature of the proceeding:    Violation of Constitutional Rights Petition

(5) Grounds raised:    After pleading NGMI I have the right as an indigent defendant for the state

to provide me with the assistance of a psychiatrist who will conduct an examination and assist

in evaluation preparation and presentation of the defense.

AO 241
(Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result:     My claim is already exhausted. Withdrawing petition.

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ☐ Yes     ☑ No

(2) Second petition:     ☐ Yes     ☑ No

(3) Third petition:     ☐ Yes     ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

New trial motions and a state habeas in Wyoming are not appeallable issues. The Violation of Constitut-
-ional Rights Petition is being withdrawn since the highest court has already had a chance to answer.

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**  Am I, as an indigent defendant, entitled to a mental health expert assigned to my defense team to perform the functions as outlined by the U.S. Supreme Court in Ake v Oklahoma after entering a plea of NGMI?

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On November 15, 2021 I changed my plea from Not Guilty to Not Guilty and Not Guilty by Reason of Mental Illness
A court ordered psychiatric evaluation was performed. Report was made available to all parties. Request for
independant evaluation denied. "No merit." "Limited Funding." I have burden of proof at trial. To meet burden I
must present psychiatric testimony. Court ordered evaluator testifies for prosecution. Do not have expert to help
cross examine or present testimiony on my behalf. No expert assistance given in preparation or presentation of
defense. I was left to try to testify in my defense even though I am not an expert. Later on appeal in brief and in
oral arguments Attorney General said my sanity was an issue at trial.

(b) If you did not exhaust your state remedies on Ground One, explain why:  I believe my claim is exhausted because it
was raised on direct appeal and was very clear that it was a Constitutional right. I only have to present it when the
review by that Court is discretionary. Also I believe that when another criminal defendant has the same type of
issue addressed and is ruled upon unfavorably by said court I do not need to exhaust that claim at all seeing that
it is likely to meet with the same unfavorable result. Doyle Gabbert presented a similar claim in 2018 and the
Wyoming Supreme Court ruled against him. Gabbert v State 2018 WY 69; 420 P.3d 172. I believe because of
the obvious denial of a right to psychiatric assistance, I would fair no better, though I did try to present my claim.

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    I raised it on direct appeal to the Wyoming

Supreme Court and they declined to even address it. Citing Herdt v State 891 P.2d 793, 795-96

(Wyo. 1995)

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    State Habeas Corpus

Name and location of the court where the motion or petition was filed:    8th Judicial District

Goshen County, Wyoming

Docket or case number (if you know):

Date of the court's decision:    03/03/2023

Result (attach a copy of the court's opinion or order, if available):    The right to a defense psychiatrist is not

a jurisdictional issue and only jurisdictional issues can be brought up on State Habeas.

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    N/A

Docket or case number (if you know):    N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):    N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

A state habeas is not an appealable issue in the State of Wyoming.

AO 241
(Rev. 01/15)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:   Two new trial motions, a Change of Judge hearing,Sentencing

A Supplemental Appellate Brief to the Wyoming Supreme Court and a State Habeas.

**GROUND TWO:**        N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Two, explain why:   N/A

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes    ☑  No

(2) If you did not raise this issue in your direct appeal, explain why:   N/A

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes    ☑  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:       N/A

Name and location of the court where the motion or petition was filed:   N/A

Docket or case number (if you know):    N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):    N/A _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                 ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?            ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   N/A _____

_____

Docket or case number (if you know):    N/A _____

Date of the court's decision:  _____

Result (attach a copy of the court's opinion or order, if available):    N/A _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A _____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :   N/A _____

_____

_____

_____

**GROUND THREE:**      N/A _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A _____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why:  **N/A**

_____

_____

_____

_____

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   **N/A**_____

_____

_____

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   **N/A**_____

Name and location of the court where the motion or petition was filed:  **N/A**_____

_____

Docket or case number (if you know):   **N/A**_____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):   **N/A**_____

_____

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   **N/A**_____

_____

Docket or case number (if you know):   **N/A**_____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):   **N/A**_____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:    N/A

**GROUND FOUR:**  N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why:    N/A

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:    N/A

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    N/A

AO 241
(Rev. 01/15)

Page 12

Name and location of the court where the motion or petition was filed:  **N/A**

Docket or case number (if you know):  **N/A**

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):  **N/A**

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  **N/A**

Docket or case number (if you know):  **N/A**

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):  **N/A**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**N/A**

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:  **N/A**

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?   ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:   I presented this issue to the Wyoming Supreme Court and they responded in

13 days and said it was denied and the only explanation given was Herdt v State, 891 P.2d

793, 795-96 (Wyo 1995).

(b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

I have presented this one ground all over this State but this will be my first time in Federal

Court.

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?   ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.   N/A

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?   ☑ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.   2nd Judicial District Court, Carbon County; CR-2021-0054

Violation of Constitutional Rights Petition

I am withdrawing petition because it goes in front of my trial judge and also this issue has been fairly

presented to the Wyoming Supreme Court. The Wyoming Supreme Court intentionally denies relief to

everyone that presents this claim therefore I believe I did not even need to raise it in the first place.

I believe they have waived their right due to their decisions made on similar claims.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:    Patricia Bennett and David Korman, Wyoming Public Defender's Office in

Laramie. 1002 S. 3rd St. Laramie, Wyoming 82070

(b) At arraignment and plea:    Patricia Bennett and David Korman, Wyoming Public Defender's Office in

Laramie. 1002 S. 3rd St. Laramie, Wyoming 82070

(c) At trial:    Patricia Bennett and David Korman, Wyoming Public Defender's Office in Laramie.

1002 S. 3rd St. Laramie, Wyoming 82070

(d) At sentencing:    Patricia Bennett and David Korman, Wyoming Public Defender's Office in Laramie.

1002 S. 3rd St. Laramie, Wyoming 82070

(e) On appeal:    Francis H. McVay, Wyoming Public Defender's Office, Appellate Division, Cheyenne.

Rogers Bldg., 316 West 22nd Street Cheyenne, Wyoming 82002

(f) In any post-conviction proceeding:    Pro se

(g) On appeal from any ruling against you in a post-conviction proceeding:    N/A


17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?    ☑ Yes    ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

District 16; Jackson County, Missouri  5 years probation with 10 years suspended execution of sentence


(b) Give the date the other sentence was imposed:    04/22/2019

(c) Give the length of the other sentence:    5 yr probation 10 yr suspended prison sentence

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?    ☐ Yes    ☑ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

AO 241
(Rev. 01/15)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

            (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

            (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

            (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

            (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    I would ask that my charges be dismissed with

prejudice and that I be given an immediate and unconditional release from the Wyoming Department of

Corrections or any other entity of this State or a preliminary injunction while awaiting this Court's decision

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on    10-12-23        (month, date, year).

ORIGINAL

Executed (signed) on    10-12-23        (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

N/A